IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL RIVERA, | : | |
|     Plaintiff | : | |
| | : | No. 1:22-cv-00233 |
|     v. | : | |
| | : | (Judge Rambo) |
| ARIANNA DEMPSEY, CRNP et al., | : | |
|     Defendants | : | |

## MEMORANDUM

Pending before the Court are various motions that have been filed by Plaintiff Angel Rivera ("Plaintiff"). (Doc. Nos. 39, 42, 46, 47, 50, 51.) This Memorandum and accompanying Order resolves those various motions.

### I.  BACKGROUND

Pro se Plaintiff, who is a state prisoner in the custody of the Pennsylvania Department of Corrections, is currently incarcerated at State Correctional Institution Phoenix ("SCI Phoenix") in Collegeville, Pennsylvania. On February 17, 2022, he commenced the above-captioned action by filing a complaint pursuant to the provisions of 42 U.S.C. § 1983 ("Section 1983"), asserting violations of his constitutional rights while incarcerated at State Correctional Institution Frackville ("SCI Frackville") in Frackville, Pennsylvania. (Doc. No. 1.) On that same date, he also filed a motion for leave to proceed in forma pauperis, as well as his prisoner trust fund account statement. (Doc. Nos. 2, 3.) On March 9, 2022, the Court granted Plaintiff's motion to proceed in forma pauperis, directed the Clerk of Court to serve

a copy of the complaint upon the named Defendants, and requested that the named Defendants waive service pursuant to Federal Rule of Civil Procedure 4(d).  (Doc. No. 7.)  After the Court issued that Order, Plaintiff filed an amended complaint. (Doc. No. 13.)

In his amended complaint, Plaintiff has named the following individuals as defendants, all of whom appear to have worked at SCI Frackville during the period of time relevant to his claims: (1) Defendant Dempsey, a Certified Registered Nurse Practitioner; (2) Stephen Donahue, a Licensed Psychologist Manager; (3) Robert Boyce, a Psychological Service Specialist; (4) Shawn Kephart, the Deputy Superintendent of Centralized Services; and (5) Nathan D. Wynder, the Deputy Superintendent of Facility Management.  (Id. at 1, 2.)

On May 2, 2022, counsel entered an appearance on behalf of Defendant Dempsey and, shortly thereafter, filed a motion to dismiss Plaintiff's amended complaint, along with a supporting brief and various exhibits.[1]  (Doc. Nos. 16, 17.) In addition, Defendant Dempsey also filed a motion to stay discovery pending the Court's resolution of her motion to dismiss.  (Doc. No. 22.)

---

[1] After Defendant Dempsey filed her motion to dismiss, Plaintiff requested that the Court correct the spelling of her name, as well as her professional title.  (Doc. No. 18.)  The Court granted Plaintiff's request and directed the Clerk of Court to update the docket to reflect these changes. (Doc. No. 21 (changing Defendant "Dr. Dempsey, PCRNP" to Defendant "Arianna Dempsey, CRNP").)

On July 14, 2022, the Court, after reviewing Defendant Dempsey's motion to dismiss, observed that she was asserting, in part, that Plaintiff failed to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act, 42 U.S.C. § 1997e. (Doc. No. 26.) Thus, the Court, finding that exhaustion of Plaintiff's administrative remedies was at issue and thus required consideration of matters outside of the pleadings, converted Defendant Dempsey's motion to dismiss—on the issue of administrative exhaustion—into a motion for summary judgment. (Id.) In doing so, the Court, inter alia, granted Defendant Dempsey's motion to stay discovery in this action pending disposition of her converted motion for summary judgment. (Id.)

On August 17, 2022, Defendant Dempsey filed a brief in support of her converted motion for summary judgment, statement of material facts, and exhibits. (Doc. No. 29.) In response, Plaintiff filed briefs in opposition to Defendant Dempsey's motion, as well as a responsive statement of material facts and exhibits (Doc. Nos. 25, 30, 31, 32), to which Defendant Dempsey filed a reply brief (Doc. No. 33).

On April 13, 2023, the Court issued a Memorandum and Order denying Defendant Dempsey's motion to dismiss and motion for summary judgment in its entirety. (Doc. Nos. 34, 35.) More specifically, the Court denied Defendant Dempsey's motion for summary judgment on the issue of administrative exhaustion

and denied Defendant Dempsey's motion to dismiss Plaintiff's Eighth Amendment claim based upon her alleged deliberate indifference to his serious medical needs. (Id.) As a result, the Court directed Defendant Dempsey to file an answer to Plaintiff's amended complaint within twenty-one (21) days. (Id.) In connection with the Court' Memorandum and Order, the Court also issued a separate Order addressing Defendant Dempsey's co-Defendants—i.e., Defendants Kephart, Donahue, Boyce, and Wynder. (Doc. No. 36.) In the Court's separate Order, it was noted as follows:

> Defendants Kephart, Donahue, Boyce, and Wynder filed a collective executed waiver of service with the Court on April 11, 2022. (Doc. No. 12.) By executing that waiver of service, they represented their understanding that they were required to file an answer or other response to Plaintiff's complaint within sixty (60) days of March 9, 2022, the date on which the request to waive service was sent. (Id.) A review of the Court's docket reveals, however, that these Defendants have neither filed a response nor filed a request for an extension of time in which to do so.

(Id.) As a result, the Court directed these Defendants to file a status report within seven (7) days. (Id.)

In accordance with the Court's Order, Defendants Kephart, Donahue, Boyce, and Wynder filed a status report (Doc. No. 38), as well as an answer with affirmative defenses to Plaintiff's amended complaint (Doc. No. 37), on April 20, 2023. Defendant Dempsey subsequently filed her answer with affirmative defenses on May 4, 2023. (Doc. No. 41.) Around the same time that Defendants filed their

4

respective answers, Plaintiff began filing numerous motions with the Court. More specifically, Plaintiff filed a motion for entry of default and an amended motion for entry of default, along with supporting declarations. (Doc. Nos. 39, 40, 42, 43.) In addition, Plaintiff filed a motion to dismiss Defendant Wynder as a party to this action, followed by a motion to quash his motion to dismiss Defendant Wynder. (Doc. Nos. 46, 51.) Finally, Plaintiff filed motions for arbitration and to re-instate discovery. (Doc. Nos. 47, 50.) The Court addresses these various motions in turn.

## II.  DISCUSSION

### A.  Motions for Entry of Default and Default Judgment

Plaintiff initially filed a motion for entry of default (Doc. No. 39), followed by an amended motion for entry of default ("amended motion") (Doc. No. 42). Because Plaintiff filed an amended motion, the Court treats his amended motion as the operative motion and deems his original motion withdrawn. As a result, the Court's discussion will focus on Plaintiff's amended motion. In his amended motion, Plaintiff requests that the Court enter a default judgment against Defendants Kephart, Donahue, Boyce, and Wynder for their failure to plead and/or otherwise defend as set forth in the Federal Rules of Civil Procedure. (Id. at 1, 2.) The Court, having reviewed Plaintiff's amended motion, finds that it is without merit.

As an initial matter, the Court finds that Plaintiff's amended motion is premature. The entry of default judgment is governed by Rule 55 of the Federal

Rules of Civil Procedure.  See Fed. R. Civ. P. 55.  Under subsection (a), the Clerk of Court is instructed to enter a default against a defendant who "has failed to plead or otherwise defend" and whose "failure is shown by affidavit or otherwise[.]"  See Fed. R. Civ. P. 55(a).  An entry of default under subsection (a) is a prerequisite to the entry of a default judgment under subsection (b).  See Fed. R. Civ. P. 55(b); Allaham v. Naddaf, 635 F. App'x 32, 36 (3d Cir. 2015) (unpublished) (explaining that, "[b]efore a plaintiff can obtain a default judgment pursuant to Rule 55(b), a plaintiff must secure an entry of default per Rule 55(a)" (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2682, at 13 (3d ed. 1998))); Husain v. Casino Control Comm'n, 265 F. App'x 130, 133 (3d Cir. 2008) (unpublished) (explaining that the "entry of default by the Clerk under Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)" (citation omitted)).  Here, however, a review of the Court's docket confirms that no default was ever entered by the Clerk of Court against Defendants Kephart, Donahue, Boyce, and Wynder.  As a result, the Court finds that Plaintiff's amended motion seeking default judgment is premature.

 Not only is Plaintiff's amended motion premature, however, but it also fails to satisfy Section 1997e(g) of the PLRA.  More specifically, that Section provides as follows:

> (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.
>
> (2) The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

See 42 U.S.C. § 1997e(g).

"Courts have consistently interpreted this provision as barring a prisoner plaintiff from obtaining an entry of default when no reply has been filed, because a defendant has no obligation to reply to the complaint." Kendrick v. Hann, No. 19-cv-01642, 2020 WL 1531234, at *2 (M.D. Pa. Mar. 31, 2020) (citation omitted). Where, however, a defendant fails to follow a court order requiring him or her to respond to the complaint, then the defendant can be in default for failing to follow that court order. See id. (citations omitted); Thomas v. Lawler, No. 10-cv-02437, 2012 WL 2367173, at *1–2 (M.D. Pa. June 21, 2012) (agreeing with the defendants' argument that plaintiff was not entitled to an entry of default on the basis of their failure to respond to the complaint due to the language contained in Section 1997e(g)).

Here, the Court has not, under the authority of Section 1997e(g)(2), directed Defendants Kephart, Donahue, Boyce, and Wynder to file a response to Plaintiff's

7

amended complaint. Thus, Defendants Kephart, Donahue, Boyce, and Wynder have been under no obligation to file such a response to Plaintiff's amended complaint. Accordingly, the Court finds that Plaintiff's amended motion for default judgment is barred by the PLRA. And, as noted above, Defendants Kephart, Donahue, Boyce, and Wynder filed an answer with affirmative defenses to Plaintiff's amended complaint on April 20, 2023. (Doc. No. 37.) Accordingly, any request for a default judgment is now moot. Thus, for all of these reasons, the Court will deny Plaintiff's amended motion.

**B.  Motion to Dismiss Defendant Wynder and Motion to Quash Motion to Dismiss Defendant Wynder**

Plaintiff has filed a motion to dismiss Defendant Wynder as a party from this action. (Doc. No. 46.) However, Plaintiff subsequently filed a motion to "quash" that motion. (Doc. No. 51.) In his motion to quash, Plaintiff explains that, when he initially filed his motion to dismiss Defendant Wynder, he had hopes that doing so would "bring this matter to a close." (Id. at 1.) However, because Defendants have "refused to take any necessary steps" to "strip this [C]ourt . . . of a trial[,]" and because Plaintiff has since come into possession of "further information and evidence to support and prove his claims at trial[,]" he would like to "[q]uash his motion" to dismiss Defendant Wynder as a Defendant from this civil action. (Id.)

The Court, having reviewed Plaintiff's motions concerning Defendant Wynder, will grant Plaintiff's motion to quash (Doc. No. 51) to the extent that his

8

prior motion to dismiss Defendant Wynder from this action (Doc. No. 46) is deemed withdrawn. Defendant Wynder, in other words, remains a named Defendant in this action.

### C. Motion to Reinstate Discovery

Plaintiff has filed a motion to "reinstate discovery by way of ordering the Defendants to produce requested discovery." (Doc. No. 50.) In support, Plaintiff asserts that Defendant Dempsey previously filed a motion to stay discovery pending the outcome of her then-pending motion to dismiss. (Id. at 1.) Plaintiff further asserts that the motion was resolved months ago, and Defendant Dempsey has "failed to honor [his] request for production of documents, and or [sic] has failed to answer interrogatories." (Id.) Based upon these assertions, Plaintiff requests that the Court reinstate discovery, enter an order directing Defendant Dempsey to comply with "[d]iscovery requests[,]" and enter an order instructing "Defendants [to] complete [d]iscovery[ ] and any dispositive motions in a particular time frame respectable to all parties[.]" (Id. at 2.)

The Court, having reviewed this matter, observes that discovery was previously stayed pending disposition of Defendant Dempsey's motion for summary judgment based upon Plaintiff's alleged failure to exhaust administrative remedies. (Doc. No. 26 at 2.) The Court resolved Defendant Dempsey's motion on April 13, 2023, by issuing a Memorandum and Order. (Doc. Nos. 34, 35.) In doing so, the

9

Court directed Defendant Dempsey to file an answer to Plaintiff's amended complaint within twenty-one (21) days and instructed Defendants Kephart, Donahue, Boyce, and Wynder to file a status report within seven (7) days. (Doc. Nos. 35, 36.) As reflected by the Court's docket, Defendant Dempsey filed her answer with affirmative defenses (Doc. No. 41) and Defendants Kephart, Donahue, Boyce, and Wynder filed their status report, as well as their answer with affirmative defenses (Doc. Nos. 37, 38).

However, it is unclear whether the parties have been engaging in discovery following the Court's resolution of Defendant Dempsey's motion for summary judgment and the filing of Defendants' respective answers. If the Court understands Plaintiff's motion correctly, they have not been. Thus, because the Court's April 13, 2023 Memorandum and Order neglected to explicitly state that the previous stay on discovery was lifted, the Court will grant Plaintiff's motion to reinstate discovery (Doc. No. 50) to the limited extent that the Court will lift the previously ordered stay and set forth new case management deadlines in this matter.

D. **Motion for Arbitration**

Plaintiff has filed a motion for arbitration requesting that the Court "administer and schedule a hearing for [c]ompulsory [a]rbitration in accordance with Pa. R. Civ. P. 1301." (Doc. No. 47.) Plaintiff's motion will be denied. Plaintiff provides neither a factual nor legal basis for his motion

for arbitration or how Rule 1301 of the Pennsylvania Rules of Civil Procedure applies to his federal civil rights action.

## III.  CONCLUSION

Accordingly, for all of the foregoing reasons, this Memorandum resolves Plaintiff's pending motions.  (Doc. Nos. 39, 42, 46, 47, 50, 51.)  An appropriate Order follows.


Dated: January 23, 2024                                         s/ Sylvia H. Rambo
                                                                SYLVIA H. RAMBO
                                                                United States District Judge