UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ANGEL RIVERA,

      Plaintiff,

      v.

ARIANNA DEMPSEY, *et al.*,

      Defendants.

CIVIL ACTION NO. 1:22-cv-00233

(SAPORITO, J.)

## ORDER

Plaintiff Angel Rivera moves for reconsideration[1] (Doc. 110) of the Court's order granting summary judgment to the defendants on his claims that they were deliberately indifferent to his mental health needs and his risk of suicide.

Federal Rule of Civil Procedure 60(b)[2] provides that "on motion and

---

[1] Three days after filing this motion, Rivera attempted to appeal the summary judgment order, but the Third Circuit Court of Appeals dismissed the appeal as untimely filed. *See* (Docs. 111, 116).

[2] Rivera also seeks relief under Federal Rules of Civil Procedure 59(e) and Rule 60(a). As the Third Circuit observed in dismissing his appeal, Rivera's motion for reconsideration was not filed within 28 days of the summary judgment order, *see* (Doc. 116 at 2), which forecloses relief under Rule 59(e). *See* Fed. R. Civ. P. 59(e). Rule 60(a) provides for correction of a "clerical mistake or a mistake arising from oversight or omission," which is not the type of error Rivera is alleging here. *See* Fed.

(continued on next page)

just terms," a court may relieve a party from a final judgment for several reasons including excusable neglect, newly discovered evidence, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Generally, "a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).

First, Rivera expresses "confusion" that the defendants' separate motions for summary judgment were resolved in a single memorandum and order. He appears to contend that evidence or argument presented with one defendant's motion cannot support summary judgment for another defendant. To the contrary, for any summary judgment motion, "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). In this case,

---

R. Civ. P. 60(a). Regardless, Rivera would not be entitled to reconsideration under any of these rules.

Rivera's medical records (Doc. 76-5), submitted with nurse Dempsey's motion, documented dozens of Rivera's interactions with both medical and non-medical staff, and showed that the staff's treatment of Rivera did not reflect deliberate indifference. That conclusion applied equally to Dempsey as the other defendants, particularly since non-medical officials are entitled to rely on the medical staff's judgment as to a prisoner's medical needs.[3] *See Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

Next, Rivera objects to the denial of his "Motion to Strike/Rebuttal and/or Reply Brief," which was "in substance an untimely sur-reply filed without leave of court." *See* (Doc. 107 at 3 n.2). Rivera now argues that his sur-reply should be considered because he was transferring prisons during the briefing schedule. However, there is no entitlement to file a sur-reply, and he did not seek leave to file one, *see* M.D. Pa. L.R. 7.7, so the reason for the timing is irrelevant. Nor could he evade this requirement by reframing his arguments as a "motion to strike."

Rivera also takes issue with the Court's assessment of his

---

[3] Further, as noted in the memorandum, Rivera did not establish personal knowledge supporting his attestations that any defendant other than Dempsey had "authority" to keep him in psychiatric observation. *See* (Doc. 107 at 21, n.10 (citing (Doc. 102-1), Fed. R. Civ. P. 56(c)(4))).

statement of facts in opposition to Dempsey's motion. As explained in the memorandum, the statement was styled as an affidavit and cited only sparingly to supporting evidence. *See* (Doc. 89). Regardless, to the extent Rivera claims the Court "refused to consider" it, he is mistaken. *See* (Doc. 107 at 5-6 (citing Fed. R. Civ. P. 56(e)(2), M.D. Pa. L.R. 56.1)); (Doc. 107 at 16-19) (discussing the substance of Rivera's affidavits). The Court considered all the evidence that Rivera submitted, so there was no reason to provide him "an opportunity to correct" the statement itself.

Finally, Rivera objects to the analysis of his amended complaint and affidavits.[4] The affidavits did not establish a genuine dispute of fact as to the events documented in Rivera's medical records, because his denials of these facts were conclusory, unsupported by the record, and contradicted by his contemporaneous prison grievances, such that a reasonable factfinder could not credit them. *See* (Doc. 107 at 16-19). Specifically, during the time he claims the prison staff was ignoring and refusing to document his threats of suicide, "Rivera was in fact

---

[4] Although the amended complaint was not among the "affidavits" cited in this section of the memorandum, most of the relevant allegations from the complaint were incorporated into one of the affidavits, *see* (Doc. 90-2 at 12-14), and the Court's analysis of the affidavits applies equally to the amended complaint.

complaining that he had been 'placed in [psychiatric observation] for nearly a month without justification' (Doc. 90-8) and that staff's refusal to give him a razor amounted to unjustified 'retaliation.' (Doc. 90-5)." Rivera does not address that fact, despite his insistence that these documents "support" his claims.

Rivera argues that a "non-conclusory affidavit or witness's testimony . . . is sufficient to defeat summary judgment." *Paladino v. Newsome*, 885 F.3d 203, 209 (3d Cir. 2018) (citation omitted). But the memorandum explained how Rivera's attempts to dispute the medical records were conclusory: they involved "repeated, vague explanations that he 'never spoke to these parties about any of this stuff' in his medical records, or 'does not recall' the documented incidents," or that medical staff "refused to document" his complaints. *See* (Doc. 107 at 10-15); *Paladino*, 885 F.3d at 208 (affirming summary judgment against a plaintiff who "vaguely claimed . . . that [prison] records were incomplete" and that his written complaints had "vanished").

Even accepting Rivera's attestations of undocumented threats of suicide or self-harm, the record foreclosed his Eighth Amendment claims. In the months leading up to the incidents at issue, Rivera was seen by

psychology staff approximately 35 times, and by psychiatry staff "nearly 100 plus times." Medical staff came to believe that Rivera's recurrent threats of self-harm were manipulative and that he was "grossly abusing [psychiatric observation] by refusing assessments in order to extend his [observation] stay indefinitely." After further evaluation and consultation with a medical director, they decided to remove Rivera from psychiatric observation while he was on the waiting list for a behavioral management unit. Approximately two months after that move, Rivera attempted suicide. Although the record tragically attests to Rivera's distress, deliberate indifference "require[s] more than just making the wrong judgment call or failing to prevent harm. And in the specific context of prison medical care, it is not enough that a prisoner or another doctor would prefer a different approach than the one corrections officials took." *DiFraia v. Ransom*, 171 F.4th 622, 628-29 (3d Cir. 2026).

Accordingly, because there is no clear error of law or fact or manifest injustice warranting reconsideration, **IT IS HEREBY ORDERED THAT** Rivera's motion (Doc. 110) is **DENIED**.

Dated: July 16, 2026                 *s/Joseph F. Saporito, Jr.*
                                      JOSEPH F. SAPORITO, JR.
                                      United States District Judge